The Judges pronounced their opinions.
JUDGE TUCKER.
Upon the original merits of this case, as disclosed by the fact stated, and admitted by the defendant in his demurrer to evidence, I cannot entertain a doubt. It appears to have been a case of fraud and imposition on the part of the defendant’s agent, upon a poor, and probably ignorant, waterman, to shuffle him out of his well earned wages, by palming upon him the bond of a man whom, at the time, he believed, and probably knew, to be insolvent; and, when applied to by the plaintiff, who had endeavoured to obtain payment of the bond, to take it back, he not only refused to do so, but even went so far as positively to refuse to assign the bond to the plaintiff to enable him to bring suit upon it in his own name. These facts, and others of the same complexion, are admitted by the defendant to be true; he then exhibits a submission to arbitration, by the same agent in his behalf and by the plaintiff, after the suit was brought, (in which it was mutually agreed that that submission should be made a rule of the County Court of Amherst,) and an award made two days after, by which two or the arbitrators awarded, “that the said bond was received by the plaintiff in payment, and ought to go without recourse to the extinguishment of the debt.” Why this submission was not made a rule of Amherst Court, pursuant to the terms thereof, does not appear. The plaintiff refused to join in the demurrer to evidence until overruled by the Court. The Jury assigned damages conditionally, and the County Court gave judgment in favour of the plaintiff; but that judgment was reversed by the District Court, because the County Court refused to consider the award made between the parties as final and conclusive.
It was admitted by the appellee’s counsel, that the words “arbitrament and award,” pleaded by the defendant in so many words, were a mere nullity, and must be dis-34 regarded; *and that the cause is to be considered as having been tried on the plea of non assumpsit only. It is an invariable rule that every defence which cannot be specially pleaded, may be given in evidence, upon the general issue, upon the trial; but a submission to arbitration and an award might be so pleaded: of this the defendant was apprized, and probably considered the evidence offered as strictly within the issue joined. He is expressly stated to have had no personal agency, and no knowledge of the transactions of his agent, as above stated. Here, then, are two innocent persons embroiled in a lawsuit by the misconduct of the agent of one of them. A Court of Equity, with all necessary parties before it, would probably find no difficulty in adjusting matters properly. But we are now in a Court of Daw, and must endeavour to do justice, as far as the nature of the case will permit, between the parties.
According to the rules of Courts of Daw, the only issue which the Jury were sworn to try, was upon the plea of non assumpsit; upon that issue evidence of a submission to arbitration, and an award made, was not admissible, because that matter might have been specially pleaded, and ought more especially to have been so pleaded, because both the submission and award were made after suit brought; whereas the plea of non assumpsit refers to the original ground and cause of action. If the Jury had rendered a verdict for the defendant upon this evidence, and it had appeared upon the record that they did so, it would have been error, (a) Would a judgment by the Court, upon a demurrer to evidence, have been more legal or conclusive in favour of the party offering improper evidence, than the verdict of a Jury? I conceive not; for the Court, in this instance, are merely substituted for the Jury, as triors of the facts relevant to the issue joined; and if it shall appear that they may have been influenced by improper testimony, their judgment, (like the verdict of the Jury,) if in favour of the party offering the evidence, ought to be set aside; otherwise, if it be against that evidence; for, then, it is clear 35 *the evidence has not had any undue influence. The judgment of the County Court was not influenced by this improper evidence; it was, therefore, I think, correct; and, consequently, the judgment of the District Court reversing that judgment ought itself to be reversed, and that of the County Court affirmed.
JUDGE ROANE.
In this case, (as it appears upon the demurrer to evidence,) the plaintiff having established his debt, evidence was given, on the part of the defendant, of a conversation and transaction which is relied on, in bar, as an accord and satisfaction. This was proved by one witness only, who said he was present at the time of the transaction aforesaid, and heard the whole of the conversation, in which, it was further proved by him, the appellant agreed to take Holt’s note in payment. This testimony was met by testimony on the part of the appellant, stating an after acknowledgment on the part of the said witness, (Woodroof,) that he was not present during the whole time of the transaction aforesaid; which testimony is in conflict with the former, and goes directly to impeach the credibility of this witness, adduced on the part of the appellee. The appellee demuired to the evidence, (the whole evidence on both sides being stated,) and the appellant was ruled to join in the demurrer, although he objected thereto. It is true, the demurrer does not state explicitly what evidence was given oh the part of the appellant and appellee respectively'; *24 but I infer it, as aforesaid, from the nature and effect of the testimony.
In a demurrer to evidence it has been decided, that the whole evidence must be stated, and thereupon the judgment of the Court is to be pronounced: the question, therefore, becomes important, whether, in the case before us, the Court rightly ruled the appellant to join in demurrer. It is admitted that a discretion in this respect exists with the Court, ait least in cases depending on loose or contradictory 36 testimony; and it remains to be inquired, whether that discretion was rightly exercised in the present instance. The appellee’s testimony is (as aforesaid) contradictory to, and in conflict with, that of the appellant. It is true, it is not opposed to the testimony originally adduced by him, but to that which came out in the replication, if I may be permitted so to express myself; but, on principle, that can ■make no difference, as all the testimony was given anterior to the exhibition of the demurrer. If the right of the appellee in this case to compel his adversary to join in demurrer be absolute, what is it but to give credit to his own witness, or, at least, to carry his credibility to be adjudged of by an improper tribunal? as the Jury, and not the Court, are the proper and exclusive Judges of credibility. Under that idea, a defendant (and, e converso, a plaintiff) might ensure success in all cases by bringing a profligate witness to oppose the plaintiff’s demand, and then instantly conferring credit on him by demurring to the plaintiff’s testimony, and compelling him to join in demurrer; and, in general cases, the plaintiff might not be so fortunate as the present plaintiff, in having confronting testimonj' to exhibit. This would be intolerable in its consequences; and this consideration would undoubtedly afford a good reason with the Court for refusing to compel the plaintiff to join in demurrer.
In 5 Bac. 467, (Gwill. ed.) it is said, that “if it be alleged by one party that there is such a writ, and denied by the other, and thereupon there is a demurrer to evidence, no judgment can be given,” (and therefore I infer the adverse partj' should not be compelled to join,) “for the being or not being such a writ, is a fact which a jury should determine; but in such case the writ should be admitted tiel quel, and then its effect should be adjudged by the Court.” This case seems analogous to the one before us. With respect to the difficulty, stated by Mr. Botts, as to the impossibility of the demur-rant’s knowing what inferences do exist, and are therefore to be admitted, I should 37 be satisfied *if, while he waives a reliance in the credibility of his witnesses, when opposed to the testimony of the party demurred to, (which he may do in general terms,) the drawing of the proper inferences be left to the Court. It is only substance that I am in quest of, and that is entirely attained, if my construction, while it does not confer on the Court the province of judging of credibility, does not take from it the power of inferring the facts admitted to be true.
As the County Court, therefore, compelled the appellant to join in demurrer in this case, without an explicit admission, on the part of the appellee, of the truth of his (the appellant’s) testimony, so far as it conflicted with his own ; or, which is the same thing, without a waiver of his own conflicting testimony, I am of opinion that their judgment was erroneous. As, however, the first opinion of the County Court, compelling the plaintiff to join in demurrer, was favourable to the appellee, though erroneous, and as their final judgment on the demurrer would have been a fortiori for the appellant, if the appellee’s conflicting testimony had been excluded, and would, in that case, have been altogether correct, I see no reason for disturbing that judgment. It is, however, the reversing judgment of the District Court which the appellant complains of. That judgment is erroneous in considering the award stated in the demurrer as final and conclusive. That award was not proper evidence on the plea of nonassumpsit. My opinion, therefore, is to reverse the judgment of the District Court, and permit that of the County Court, in favour of the appellant, (although erroneous as aforesaid,) to stand, for the reasons just mentioned, especially as the justice of the case is entirely in favour of the appellant, and he has already been compelled to encounter so much litigation.
JUDGE FLEMING.
It appears to me that the County Court of Amherst erred in compelling the plaintiff to join in the demurrer to evidence, and also in permitting the award, made pendente lite, to go in 38 evidence to the jury *on the issue joined on the plea of non assumpsit; but, the judgment in that Court being in favour of the appellant here, he has no cause- of complaint on that account; and, as it appears from the evidence that a most palpable fraud was practised on him by Stevens, the storekeeper and agent of the appellee, the merits of the cause are clearly in his favour. I therefore concur in the opinion that the judgment of the District Court be reversed, and that of the County Court affirmed, which is the unanimous opinion of the Court.

 2 Wash. 281, Lee v. Tapscott.